*In re* LEONA DUKES.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* LEONA DUKES, Respondent-Appellant.)

First District (3rd Division)    No. 77-614

Opinion filed February 22, 1978.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee Hettinger, Joan Cherry, and Richard D. Haytow, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Respondent, Leona Dukes, appeals from an order finding her in need of mental treatment, placing her in the custody of the Department of Mental Health, and ordering her hospitalized at Chicago-Reed Mental Health Center. Respondent contends on appeal that she was not proved to be in need of mental treatment, and that she was not proved dangerous to others or unable to take care of herself.

At the hearing on March 26, 1976, the petitioner, Helen Davis, testified that respondent lived with her in petitioner's house and helped with petitioner's business. They were not related, and respondent received no salary. Petitioner testified that respondent asked a young man who also lived at petitioner's house to hang up the telephone. When the young man refused, respondent placed the telephone on the hook. He called respondent a name, started "at her eyes," and the latter obtained a knife. The petitioner did not see the incident herself, but came into the room when she heard the fight.

Doctor Eugenia Bonk, a psychiatrist for 20 years, testified that she had examined respondent after her admission to the hospital. Respondent was highly agitated and threw papers on the doctor's desk in a threatening

manner. When asked why she was admitted to the hospital, respondent stated that she was framed and had been mistaken for someone else. Respondent refused to answer other questions, was hostile, and was very angry. During respondent's stay at the hospital, there was no change in her behavior. She refused to take medication, and refused to get out of bed or take a bath. On the morning of the hearing, the doctor examined respondent and found her to be delusional. Respondent informed the doctor that she had been given an injection and the needle was left in her buttocks. Respondent had been hospitalized before. Doctor Bonk determined that respondent was suffering from a mental illness and diagnosed the mental illness as schizophrenia, paranoid type. Respondent was disoriented, very confused, and poorly oriented in time. She was delusional, hostile, and extremely suspicious. Her thought processes were highly disorganized, and her affect was inappropriate. The doctor believed respondent to be in need of hospitalization. It was the doctor's opinion that respondent was likely, intentionally or unintentionally, to cause injury to other people primarily because she had been informed that respondent had lost control and used a knife. The doctor believed that respondent was able to take care of herself so as to guard herself from physical injury, but that respondent would not be able to take care of herself so as to provide for her own physical needs. The doctor testified that respondent was angry and hostile while at the hospital. She had not struck or threatened anyone because she was medicated to prevent such an occurrence.

The State must prove that an individual is in need of mental treatment by clear and convincing evidence. (*People v. Sansone* (1974), 18 Ill. App. 3d 315, 309 N.E.2d 733.) Section 1—11 of the Mental Health Code of 1967 (Ill. Rev. Stat. 1975, ch. 91½, par. 1—11) provides in pertinent part as follows:

> " 'Persons in Need of Mental Treatment', when used in this Act, means any person afflicted with a mental disorder, not including a person who is mentally retarded, as defined in this Act, if that person, as a result of such mental disorder, is reasonably expected at the time the determination is being made or within a reasonable time thereafter to intentionally or unintentionally physically injure himself or other persons, or is unable to care for himself so as to guard himself from physical injury or to provide for his own physical needs."

We reject respondent's initial argument that the State failed to demonstrate by clear and convincing evidence that she suffered from a mental illness. While such a finding must be based upon an explicit medical opinion (*People v. Sansone*), this requirement has been met in the present case. As already set forth, the doctor described respondent's

behavior in some detail. The doctor further stated that respondent was suffering from a mental illness described as schizophrenia, paranoid type, and this diagnoses was based upon clearly stated observations of respondent made by the doctor. The State met its burden of proving that respondent had a mental illness.

In order to establish that a person afflicted with a mental disorder is in need of hospitalization, the State must also prove by clear and convincing evidence that the patient is reasonably expected as a result of such disorder to physically injure herself or others, or is unable to care for herself so as to guard herself from physical injury or to provide for her own physical needs. We agree with respondent that the State did not establish satisfactorily that respondent was reasonably expected to intentionally or unintentionally physically injure herself or others. The doctor based her belief that respondent would likely injure others upon a hearsay statement that respondent had used a knife. Yet, the petitioner's testimony was that respondent picked up a knife only after a young man had attacked her. Consequently, such conduct on the part of respondent would not support a finding that she was reasonably expected to injure others.

However, the doctor also testified that in her opinion respondent would not be able to take care of herself so as to provide for her physical needs. This determination by the doctor receives strong support from several uncontradicted facts: respondent refused to get out of bed and refused to bathe herself; respondent believed she was in the hospital because she was mistaken for someone else; respondent believed that after receiving an injection the needle remained in her body; and respondent refused medication. The State proved by clear and convincing evidence that respondent was not able to take care of herself so as to provide for her own physical needs.

For the reasons stated, the order of the circuit court of Cook County finding that respondent was in need of mental treatment and ordering her hospitalized is affirmed.

Order affirmed.

JIGANTI, P. J., and SIMON, J., concur.